# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| ANGELA SIMS, | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:12-cv-02898-JPM-cgc |
| MERIDIAN SENIOR LIVING, LLC, | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Meridian Senior Living, LLC's ("Defendant" or "Meridian") Motion To Dismiss, filed October 15, 2012. (Electronic Case Filing Number ("ECF No.") 3.) Plaintiff Angela Sims ("Plaintiff" or "Sims") filed her Response in Opposition on November 14, 2012. (ECF No. 5.) Defendant filed its Reply on November 29, 2012. (ECF No. 7.)

For the following reasons, Defendant's Motion To Dismiss is DENIED.

## I. BACKGROUND

This case arises out of Plaintiff's employment with Meridian, from May 13, 2009 to December 23, 2010. (See ECF No. 1-2 ¶¶ 7, 9.) During this time, Plaintiff alleges that she was subject to a hostile working environment, sexual harassment, other harassment, retaliation, and loss of income. (See id. ¶ 10.)

## A. Original Action

On April 11, 2011, Plaintiff filed an action in the
Chancery Court of Tennessee against Carriage Court Memphis, LLC
("Carriage Court").  (Sims v. Carriage Court Memphis, LLC,
No. 11-2379 ("Original Action"), ECF No. 1-2.)  Plaintiff's
Complaint alleged the following federal and state claims:
a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.
§§ 201, et seq. (id. ¶¶ 75-80); violations of the Tennessee
Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 et seq.,
for harassment (id. ¶¶ 40-43), sexual harassment (id. ¶¶ 44-46),
and retaliation (id. ¶¶ 47-49); negligent infliction of
emotional distress ("NIED") based on Defendant's harassment of
Plaintiff (id. ¶¶ 50-57); intentional infliction of emotional
distress ("IIED") based on Defendant's harassment of Plaintiff
(id. ¶¶ 58-62); hostile work environment caused by Defendant's
harassment of Plaintiff (id. ¶¶ 63-68); a violation of the
Tennessee Whistleblower Act ("TWA"), Tenn. Code Ann. § 50-1-304
(id. ¶¶ 69-74); and gender discrimination (id. at 11).  On May
12, 2011, Carriage Court removed the action to federal court
pursuant to 28 U.S.C. § 1331 based upon Plaintiff's FLSA claim.
(Original Action, ECF No. 1 ¶ 4.)

Carriage Court filed its Answer on July 21, 2011 (Original
Action, ECF No. 7), and Plaintiff filed her Amended Complaint on
August 10, 2011, adding Meridian as a defendant (Original
Action, ECF No. 10).  Carriage Court filed its Amended Answer on

August 29, 2011.  (Original Action, ECF No. 11.)  Plaintiff and

Carriage Court filed a notice of settlement on February 21,

2012.  (Original Action, ECF No. 16.)

On November 3, 2012, a summons was issued for Meridian.

(Original Action, ECF No. 13.)  Service was obtained on

Meridian's registered agent on January 3, 2012.  (See Original

Action, ECF No. 15-1 at 1.)  Meridian moved to dismiss for

failure to serve on January 23, 2012 (Original Action, ECF No.

15), and on March 9, 2012, the Court dismissed Plaintiff's

claims against Meridian without prejudice (Original Action, ECF

No. 20), entering judgment on March 15, 2012 (Original Action,

ECF No. 22).

### B. New Action

On June 15, 2012, Plaintiff filed a Complaint (ECF

No. 1-2), against Meridian in the Chancery Court of Tennessee

alleging the same state court claims as those alleged in

Plaintiff's Original Action.  (See id.); see also supra p. 1.

On October 12, 2012, Defendant removed the action to federal

court pursuant to 28 U.S.C. § 1441(b) based on diversity

jurisdiction.  (ECF No. 1.)

On October 15, 2012, Defendant filed this Motion To

Dismiss, alleging that Plaintiff failed to state a claim upon

which relief could be granted.  (ECF No. 3.)  Specifically,

Defendant asserts that (1) Plaintiff's claims are time-barred

because the statute of limitations has expired on each of Plaintiff's claims, and (2) that Plaintiff's NIED claim is barred by the exclusive-remedy provision of the Tennessee Workers Compensation Act ("TWCA"), Tenn. Code Ann. §§ 50-6-101 et seq.  (Id.)

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Under Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 440 U.S. 544 (2007), a "civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629-30 (6th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).  The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 902-03 (6th Cir. 2009) (citation omitted).

While a motion filed pursuant to Rule 12(b)(6) is generally "an inappropriate vehicle for dismissing a claim based upon the statute of limitations," it is appropriate when the allegations

clearly show that the claim is time-barred.  <u>Cataldo v. U.S.</u>

<u>Steel Corp.</u>, 676 F.3d 542, 547 (2012).

## III. ANALYSIS

Defendant argues that Plaintiff's claims should be

dismissed pursuant to Rule 12(b)(6) because (1) Plaintiff's

claims are time-barred because the one-year statute-of-

limitations period on her claims has expired, and (2)

Plaintiff's NIED claim is barred by the TWCA.  (ECF No. 3-1

at 4-7.)  Defendant's arguments are addressed in turn.

### A. Plaintiff's Claims Are Not Time-Barred.

Defendant asserts that all of Plaintiff's claims have a

one-year statute-of-limitations period,[1] and that this period has

run for each of the claims.  (<u>Id.</u> at 4-7.)  Plaintiff does not

contest Defendant's assertions that Plaintiff's claims have a

one-year statute-of-limitations period but instead asserts that

her claims are timely because of the Tennessee savings statute,

Tenn. Code Ann. § 28-1-105(a).  (ECF No. 5 ¶¶ 5-8.)

This Court finds that, because the Tennessee savings

statute applies to this case, Plaintiff's claims are not time-

barred.

### 1. Tennessee Law Applies in This Case.

In support of its Motion To Dismiss, Defendant argues that

under <u>Wilson v. Grumman Ohio Corp.</u>, 815 F.2d 26 (6th Cir. 1987),

---

[1] <u>See</u> Tenn. Code Ann. § 4-21-311 (setting a one-year statute-of-limitations
period for THRA claims); Tenn. Code Ann. § 28-3-104 (setting a one-year
statute-of-limitations period for tort actions); Tenn. Code Ann. § 50-1-304
(setting a one-year statute-of-limitations period for whistleblower actions).

the one-year statute-of-limitations period for Plaintiff's claims had run before Plaintiff filed her Complaint in this action. In Wilson, the Sixth Circuit held that when a complaint is "dismissed without prejudice for failure to perfect service," the statute-of-limitations period is not tolled because "the situation [is] the same as if the suit had never been brought." Id. at 27-28. Thus, "any new action is generally untimely." Id. at 28. Plaintiff counters that Wilson, which involved federal claims arising under Title VII, is not applicable to actions asserting state-law claims arising in federal court under diversity jurisdiction. (See ECF No. 5 at 1.)

Defendant's reliance on Wilson is unfounded. Federal courts sitting in diversity apply state substantive law and federal procedural law. See Rutherford v. Columbia Gas, 575 F.3d 616, 623 (6th Cir. 2009) (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). State laws that impact the applicable state statute-of-limitations period are considered substantive law and, therefore, are applied by federal courts sitting in diversity. See Walker v. Armco Steel Corp., 446 U.S. 740 (1980); see also Eades v. Clark Distrib. Co., 70 F.3d 441 (6th Cir. 1995). In the instant case, these claims are before the court on diversity jurisdiction; therefore, state law governs and Wilson does not apply. The question is whether the

applicable statute-of-limitations period has expired under

Tennessee law.

**2. Under Tennessee Law, Plaintiff's Claims are not Time-Barred Because Tennessee's Savings Statue Applies.**

Plaintiff asserts that even though her claims are subject

to a one-year statute-of-limitations period, and have been filed

after the one-year period expired, her claims are not time-

barred because the Tennessee savings statute applies to her

claims.  (ECF No. 5 ¶¶ 5-8.)

Under Tennessee law, if an action is dismissed on a basis

other than the merits, the action may be renewed within one year

of the dismissal under the Tennessee savings statute.  Tenn.

Code Ann. § 28-1-105(a).  Federal courts sitting in diversity

have applied the Tennessee savings statute to actions brought

for a second time outside the original statute-of-limitations

period.  See Dolan v. United States, 514 F.3d 587, 594-95 (6th

Cir. 2008).

In order for the Tennessee savings statute to apply the

following must occur:  (1) the plaintiff must have commenced the

action in accordance with Tennessee Rule of Civil Procedure 3

within the original statute-of-limitations period, Fed. Deposit

Ins. Corp. v. Cureton, 842 F.2d 887 (6th Cir. 1988); (2) the new

action must have been brought within a year of the dismissal of

the original action, Tenn. Code. Ann. § 28-1-105(a); and (3) the

"original complaint and the new complaint must allege

7

substantially the same cause of action, which includes identity of the parties." Foster v. St. Joseph Hosp., 158 S.W.3d 418, 422 (Tenn. Ct. App. 2004).  The original complaint and the new complaint, however, need not be identical for the savings statute to apply, as Tennessee's saving statute is "liberally construed."  Parrish v. Marquis, 137 S.W.3d 621, 624 (Tenn. 2004).

First, in this case, Plaintiff commenced her action in accordance with Tennessee Rule of Civil Procedure 3 within the original statute-of-limitations period.  Rule 3 states that

> [a]ll civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3.[2]  In the instant case, Plaintiff filed her Complaint against Defendant Meridian in the Original Action in federal court on August 10, 2011.  (See Original Action, ECF No.

---

[2] In Defendant's Reply, Defendant asserts that Plaintiff's claims are not "saved" under Tennessee's savings statute because Plaintiff did not satisfy the requirements of Tennessee Rule of Civil Procedure 3.  (ECF No. 7 at 5.) Defendant cites to Sims v. Adesa Corp., 294 S.W.3d 581 (Tenn. Ct. App. 2008), in support.  (Id.)  However, the court in Sims was interpreting an older version of Rule 3.  The Rule as amended in 2005 increased the amount of time in which to serve from thirty days to ninety days.

10.)  On November 3, 2011, summons were issued to Defendant, and Plaintiff obtained issuance of process on January 3, 2012, within the ninety-day period required under Rule 3 for the action to be considered commenced.  Therefore, Plaintiff can be considered to have successfully commenced her action against Defendant on August 10, 2011.  This date was well before the one-year statute-of-limitations period on her claims ended on December 23, 2011.

Second, Plaintiff filed the instant action in state court on June 15, 2012, less than one year after the court dismissed Plaintiff's claims without prejudice in the Original Action on March 9, 2012.

Third, the claims and parties named in the instant action are the same as those named in the Original Action.  Defendant was named as a defendant in Plaintiff's Amended Complaint filed in her Original Action on August 10, 2011, before the end of the one-year statute-of-limitations period for her claims. Additionally, the state-law claims asserted in Plaintiff's Amended Complaint in the Original Action are the same as those state-law claims asserted in this action.

Therefore, Plaintiff's claims are not time-barred because the Tennessee Savings Statute applies to her claims.

**B. Plaintiff's NIED Claim Is Not Barred By the TWCA.**

Defendant argues that even if Plaintiff's claims are not time-barred, Plaintiff's NIED claim is barred by the exclusive-remedy provision of the TWCA.  (ECF No. 3-1 at 7.)  Citing to Mays v. Int'l Mill Servs., No. 05-1367-T/AN, 2006 WL 208874 (W.D. Tenn. Jan. 26, 2006), Defendant asserts that the exclusive-remedy provision of the TWCA applies to NIED claims, and therefore, Plaintiff's NIED claim is barred.  (ECF No. 3-1 at 7.)

Under the TWCA, a worker is eligible for workers' compensation benefits if the employee suffers an "injury by accident arising out of and in the course of employment which causes either disablement or death."  Tenn. Code Ann. § 50-6-102(12).  Compensation under the TWCA is the exclusive remedy for such injuries.  Tenn. Code. Ann. § 50-6-108(a). Courts applying the TWCA have held that the exclusive-remedy provision precludes plaintiffs from bringing tort actions where the injury occurs during the course of, and arising from, employment unless the injury was intentionally caused by the employer.  See Valencia v. Freeland & Lemm Const. Co., 108 S.W.3d 239, 242 (Tenn. 2003).

In Anderson v. Save-A-Lot, Ltd., 989 S.W.2d 277 (Tenn. 1999), the Tennessee Supreme Court found that an employee who alleged sexual harassment at the hands of a supervisor in the course of employment could not recover under the TWCA because

the injury did not "arise out of her employment."  The court

found that there was no dispute as to whether the injury

"occurred in the course of [plaintiff's] employment with

[defendant]."  Id. at 279.  The court, however, also noted that

there was a dispute as to whether harassing conduct could be

characterized as a "normal part of the employment relationship"

and therefore be considered to arise out of the employment.  Id.

at 282 (internal quotation marks omitted).

After reviewing cases from other jurisdictions in which the

issue was considered, see id. at 282-87, the court in Anderson

concluded that the injuries alleged by the plaintiff had not

arisen from her employment.  Id. at 287-88.  In so concluding,

the court stated that the alleged harassment "was an

unanticipated risk that was not a condition of [the plaintiff's]

employment" and could not be considered a "normal component of

[the plaintiff's] employment relationship."  Id. at 288.  The

court further noted that its holding was "supported by public

policy justifications," because the court "question[ed] whether

the drafters [of the exclusive remedy-provision of the TWCA]

ever contemplated that the statute would cover injuries suffered

as a result of sexual harassment."  Id. at 288-89.[3]

Since tort claims arising out of sexual harassment are not

covered by the TWCA, the Court finds that Plaintiff's claims are

not covered by the exclusive-remedy provision of the TWCA.

---

[3] See also Medrano v. MCDR, Inc., 366 F. Supp. 2d 625, 632-33 (W.D. Tenn.
2005) (applying Anderson).

Therefore, Plaintiff is not barred from bringing her NIED claim against Defendant.

In summary, Plaintiff's claims are neither time-barred nor otherwise barred by the TWCA.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's Motion To Dismiss is DENIED.

**SO ORDERED,** this 10th day of December, 2012.


s/ Jon P. McCalla
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE